Julia M. Phyfe, as Executrix, et al., Respondents, *v.* The Metropolitan Elevated Railway Co. et al., Appellants.

(New York Superior Court — General Term, January, 1895.)

A finding that the value of the easements taken or interfered with by an elevated railroad are of a certain value, which is allowed as fee damage, is not inconsistent with a finding that such easements, in and of themselves, apart from any consequential damage to the land from said taking, have only nominal value, especially where the other findings and conclusions of law expressly recognize the liability of the railroad company for consequential damages only to the premises as a whole.

Appeal from a judgment in favor of the plaintiffs, entered upon the decision of a judge after a trial of the issues at an Equity Term.

*Julien T. Davies, Sherrill Babcock* and *Henry J. Hemmens,* for appellants.

*Eugene D. Hawkins,* for respondents.

*Per Curiam.* In finding that " the value of the easements, appurtenant to said premises taken, appropriated or interfered with by the maintenance and operation of said elevated railroad, is the sum of $11,500," the learned chief justice who tried this cause did not mean to be understood that that is the value of the easements taken considered by themselves and apart from any consequential damage to the premises to which they are appurtenant, for by another finding he expressly found that " the easements appurtenant to the plaintiffs' land taken for the said railway uses, in and of themselves,

apart from any consequential damage to said land from said taking, have only nominal value."

Other findings speak of the damage to the entire premises and of its continuous character, and the conclusions of law found expressly recognize the liability of the defendants for consequential damages only to the premises as a whole.

It may plainly be seen, therefore, that the sum fixed to be paid by the defendants in avoidance of the injunction represents the consequential fee damage.

After a careful examination of the whole case we are of the opinion that substantial justice has been done between the parties and that there is no exception which calls for a reversal of the judgment.

The judgment should be affirmed, with costs.

Present : FREEDMAN, McADAM and GILDERSLEEVE, JJ.
Judgment affirmed, with costs.